UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.:

| | |
|---|---|
| **Eric Volpe**, **Enzo Ferrer**, and **Vincenzo Matino**, each individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>**VMSB, LLC**, a Florida limited liability company d/b/a "Gianni's at the former Versace Mansion" "Gianni's at Casa Casuarina", and "The Villa Casa Casuarina",<br><br>    Defendants. | COLLECTIVE ACTION |

**FAIR LABOR STANDARDS ACT COMPLAINT**

Plaintiffs Eric Volpe, Enzo Ferrer, and Vincenzo Matino, individually and on behalf of others similarly situated, sue Defendant, **VMSB, LLC**, d/b/a "Gianni's at the former Versace Mansion", "Gianni's at Casa Casuarina", and "The Villa Casa Casuarina", and alleges:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action to recover damages for unpaid wages, minimum wages, overtime wages, and other relief brought under the laws of the United States of America and under Florida common law and statutes, including § 448, Florida Statutes. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., §§ 201-219 ("FLSA"), and § 448, Florida Statutes.

2. Plaintiffs Eric Volpe, Enzo Ferrer, and Vincenzo Matino, reside in Miami-Dade County, Florida.

3. Defendant VMSB, LLC, is a Florida limited liability company which is in the business of operating a restaurant, bar, and hospitality establishment in Miami Beach, Miami-Dade

County, Florida within the physical boundaries of the judicial district of this Court. Defendant operates its business under the monikers "Gianni's at the former Versace Mansion", "Gianni's at Casa Casuarina", and/or "The Villa Casa Casuarina" as a closely held and operated limited liability company. See https://vmmiamibeach.com/hotel/about-the-villa/.

4. The Plaintiffs – as well as any other similarly situated person who may hereafter join this lawsuit – work or worked as wait-staff or bussers at the restaurant operated by the Defendant in Miami-Dade County from approximately February 2020 through the present. They bring this action individually and on behalf of others similarly situated to recover from the Defendant unpaid earnings, overtime wages, minimum wages, liquidated damages, other relief, including attorney's fees and costs.

5. Defendant VMSB, LLC, is a "person" and "employer" within the meanings provided by 29 U.S.C. § 203(a) and (d). Defendant may be referred to herein as "Employer". Moreover, this same Employer is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r) and (s). Further, in the course of employment with this Employer, Plaintiffs and all similarly situated persons who may hereinafter opt-in to this lawsuit were individually engaged in commerce because they and others were employed in a manner which required that they regularly handled, sold, or otherwise worked with goods or materials that had moved in, or were produced for commerce.

6. The annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., Sections 203(r) and 203(s).

8. Federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 (federal question), 1337 (commerce), 1367 (supplemental) and by 29 U.S.C. §216(b).

## ATTORNEY'S FEES

9. Plaintiffs have engaged the services of the undersigned attorneys and have agreed to pay a reasonable attorney's fee and costs related to their professional services.

## ENTITLEMENT TO ATTORNEY'S FEES

10. Plaintiffs are entitled to an award of attorney's fees if they prevail in this action within the meaning of the Fair Labor Standards Act, 29 U.S.C., Sections 201-219 and other related authority, including §§ 448.08, 448.110(6) Florida Statutes.

## – COUNT 1 –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime Wages)

Plaintiffs and others similarly situated reallege ¶¶ 1 through 10 as if fully set forth herein.

11. At all times during their employment, Plaintiffs, and others similarly situated, were hourly wage wait-staff employees required to be paid at a premium rate for hours worked in excess of forty (40) during each workweek.

12. At all times material to this action, the Employer failed to comply with 29 U.S.C. §§ 201-219 and 29 C.F.R., §§ 516.2, 516.4, 516.28 *et seq.,* and §§ 531.35 and 531.50 *et seq.,* and other applicable authority in that Plaintiffs and others similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the rate of time-and-a-half for all hours worked in excess of forty (40) hours per workweek as provided in the FLSA, or to keep the types of records that are necessary to ensure with compliance of with the FLSA.

13. The Employer failed to pay overtime compensation to Plaintiffs, and those similarly situated, based upon factors to include, *inter alia*, the following: (a) the Employer failed to pay

overtime hours at all; (b) the Employer failed to maintain the types of books and records necessary and required in order for Employer to account for the number of hours worked during a given workweek and failed to establish the start of any workweek for purposes of overtime compensation calculations; (c)  the Employer failed to maintain the types of books and records necessary and required in order for the Employer comply with its own agreement to pay wages or other compensation, or to assert or prove defenses or exemptions; (d) the Employer paid hours worked in excess of forty (40 without correctly calculating the "regular rate of pay" within the meaning of FLSA's § 207(e) to include "all remuneration for employment paid to, or on behalf of, the employee"; (e) the Employer paid hours worked in excess of forty (40) at the same below minimum wage rate of pay used to pay "straight time" hours worked; (f) the Employer has failed to timely disburse overtime compensation during the applicable pay day for the corresponding pay period during which the excess hours were worked.

14. The Employer knowingly, willfully, and/or with reckless disregard for the overtime provisions of the FLSA, failed to pay overtime wages as required by the FLSA and applicable Florida law (including where applicable § 448.110(6), Florida Statutes, and § 24, Art. X of the Florida Constitution) made applicable under the FLSA, and remains owing to Plaintiffs and other similarly situated employees the overtime wages earned during at least the three-year period preceding this lawsuit.

WHEREFORE, Plaintiffs and others similarly situated request unpaid overtime wages due, liquidated damages in a like amount, and reasonable attorney's fees and costs pursuant to the Fair Labor Standards Act, as cited above, to be proven at the time of trial for their entire applicable employment period with Defendant, or as much as is allowed by the Fair Labor Standards Act, whichever is greater.

– COUNT 2 –
## BREACH OF AGREEMENT TO PAY WAGES AND COMMISSIONS
(Common Law Suit for Unpaid Wages, "Service Charges", and Confiscated "Tips")

Plaintiffs and others similarly situated, reallege ¶¶ 1 through 10 as if fully set forth herein.

15. At all times during their employment, the Plaintiffs and others similarly situated, were employees whom the Employer agreed to pay hourly wages and commissions.

16. The Employer promised to pay Plaintiffs and others similarly situated, and each member of the service staff, a flat hourly wage which is less than the minimum hourly wage required by law for employees who receive only hourly wages.

17. In addition to the below minimum wage flat hourly wage, the Employer promised Plaintiffs and others similarly situated to charge and collect from all customers of the restaurant a supposedly mandatory "Service Charge" equal to twenty percent (20%) of the total amount of each customer's order, and to pay Plaintiffs, and others similarly situated, and members of the service staff all but two percent (2%) of the total supposed "Service Charge" collected from customers.

18. In addition to the below-minimum-wage hourly wage, and the Plaintiffs' share of the "Service Charge", Defendant promised to disburse any and all "tips" or "gratuities" (*i.e.*, 100% of all tips) which customers of the restaurant voluntarily leave for their respective servers as "tips" or "gratuities" over and above the "Service Charge" they are charged, as required by law.

19. The Employer breached their agreement and promise to pay Plaintiffs – and others similarly situated – wages, sales commissions, and to disburse all "tips" by: (a) failing to disburse at least (if not all of) the promised share of the "Service Charge" collected by the restaurant to the Plaintiffs and the other service wait-staff of the restaurant who generated those "Service Charges" by making sales; (b) confiscating all or portions of the Plaintiffs' "tips" to underwrite or subsidize the Employer's obligation to pay hourly wages, without providing Notice of taking any

"tip credit" or by taking a greater "tip credit" than allowed by law; (c) confiscating all or portions of the Plaintiffs' "tips" to underwrite or subsidize the Employer's obligation to disburse at least the promised share of the "Service Charge" without providing Notice of taking any "tip credit" or by taking a greater "tip credit" than allowed by law; (d) confiscating all or portions of the Plaintiffs' "tips" to underwrite or subsidize the Employer's operating expenses (including but not limited to credit card vendor charges), without providing Notice of taking any "tip credit" or by taking a greater "tip credit" than allowed by law; (e) failing to properly calculate the share of the "Service Charge" distribution to wait staff, and failing or refusing to keep or share the kind of data necessary to ensure that Plaintiff's receive their promised share of the "Service Charges" they generate.

20. The Employer breached the agreement to pay wages by failing to pay all wages and commissions earned and due to be paid at the regularly scheduled pay date.

WHEREFORE, Plaintiffs and others similarly situated, demand the following: payment of all accrued unpaid wages, undisbursed share of "Service Charges", and undisbursed or confiscated "tips", in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

– COUNT 3 –
**VIOLATION OF THE FLSA – TIP CONFISCATION**
(Tip Confiscation Under 29 U.S.C. §§ 203(m)(2)(B) and § 216(e)(2))

Plaintiffs and others similarly situated, reallege ¶¶ 1 through 10 as fully set forth herein.

21. The FLSA prohibits an employer from keeping or otherwise using or confiscating any portion of the Plaintiff's earned "tips" for any reason. 29 U.S.C. § 203(m)(2)(B).

22. At times during their employment of the Plaintiffs, and others similarly situated, the Employer unlawfully kept, utilized, or otherwise confiscated all or portions of the Plaintiffs' earned "tips" contrary to the statutory prohibition.

23. The Employer breached the FLSA's proscription against keeping or confiscating the "tips" earned by Plaintiffs – and others similarly situated – by: (a) confiscating all or portions of the Plaintiffs' "tips" to underwrite or subsidize the Employer's obligation to pay hourly wages, without providing Notice of taking any "tip credit" or by taking a greater "tip credit" than allowed by law; (b) confiscating all or portions of the Plaintiffs' "tips" to underwrite or subsidize the Employer's obligation to disburse at least the promised share of the "Service Charge", without providing Notice of taking any "tip credit" or by taking a greater "tip credit" than allowed by law; (c) confiscating all or portions of the Plaintiffs' "tips" to underwrite or subsidize the Employer's operating expenses (including but not limited to credit card vendor charges), without providing Notice of taking any "tip credit" or by taking a greater "tip credit" than allowed by law; (d) failing or refusing to keep or share the kind of data necessary to ensure that Plaintiff's receives 100% of their earned "tips"; (e) taking an unauthorized "tip credit" without providing the statutory notice and other conditions necessary for the taking of a "tip credit".

24. The Employer knowingly, willfully, and/or with a reckless disregard of the provisions of the FLSA, failed to comply the applicable provisions of the FLSA which proscribe the taking of "tips", and remains owing Plaintiff and others similarly situated for all "tips" confiscated during the extended three-year period preceding this lawsuit.

WHEREFORE, Plaintiffs and others similarly situated demand the following: payment of all accrued unpaid wages, undisbursed "Service Charges", undisbursed or confiscated "tips", in an amount to be proven at the time of trial; plus civil penalties per violation under §216(e)(2), accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## – COUNT 4 –
## VIOLATION OF THE FLSA and FLORIDA CONSTITUTION
(Minimum Wage Violation Under 29 U.S.C. § 206
and § 24, Art. X of the Florida Constitution)

Plaintiffs and others similarly situated, reallege ¶¶ 1 through 10 as if fully set forth herein.

25. During relevant times during employment with Defendant, Plaintiffs and others similarly situated, were hourly wage wait-staff employees required to be paid a minimum hourly wage for all work performed for the Employer.

26. Throughout substantial periods of the Plaintiffs' employment, the Employer violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to pay Plaintiffs, and those similarly situated, at least the highest applicable minimum hourly rate.

27. The Employer paid said Plaintiffs, and those similarly situated, at a reduced wage rate of pay even though there is no applicable exception to the requirement that said Plaintiffs and those similarly situated be paid at least the highest applicable minimum wage rate of pay.

28. The Employer failed to timely pay wages to Plaintiffs, and those similarly situated, at the regularly scheduled pay date when those wages were earned.

29. The Employer failed to pay a minimum wage because it purported to collect a mandatory "Service Charge" from customers of the restaurant when the amounts collected as "Service Charges" are actually optional "tips" paid by customers voluntarily to the wait-staff, including Plaintiffs and others similarly situated, and which "tips" belong entirely to the Plaintiffs.

30. The Employer is not entitled to use Plaintiffs' "tips" to satisfy its minimum wage obligations, and it does not otherwise pay Plaintiffs and those similarly situated a minimum hourly wage required by law in this jurisdiction.

31. An employer may not take even the minimal "tip credit" allowed by law unless it provides the required notice of its intent to take a tip credit and the amount of the tip credit. The

Employer essentially takes an unauthorized and unlawful "tip credit" as the result of among other factors, the following: (a) Plaintiffs and others similarly situated were not properly advised of any intention by the employer to take a "tip credit" toward the obligation to pay at least applicable minimum wage rate of pay, nor were they advised of the amount of such credit; (b) Defendant took a "tip credit" in excess actual tips received and kept by Plaintiffs; (c) Defendant took a tip credit greater than permitted by regulations, including 29 CFR § 531.59; (d) taking a "tip credit" from revenues which are not "tips"; (e) taking a "tip credit" through an invalid tip pool; (f) taking possession of Plaintiffs' tips without also taking a "tip credit"; (g) taking retroactive "tip credits"; (h) the Employer failed to timely disburse minimum wage during the applicable pay day for the corresponding pay period, and (i) charging Plaintiffs an unlawful service fee for tips distributed via third party vendors; (j) otherwise confiscating the Plaintiffs' "tips" in order to satisfy the employer's obligation to pay the minimum applicable minimum wage.

32. At all times material to this action, the Employer failed to comply with 29 U.S.C. §§ 201-219 and 29 C.F.R., §§ 516.2, 516.4, 516.28 *et seq.,* and §§ 531.35 and 531.50 *et seq.* and other applicable authority in that Plaintiffs and those similarly situated performed services for the benefit of the Defendant for which they were paid well below the minimum wage rates required by both federal law and under applicable Florida law and Florida Constitution (including § 448.110(6), Florida Statutes, and § 24, Art. X of the Florida Constitution.), whose occasionally higher minimum wage rates are made applicable under the FLSA.

33. Others who are similarly situated as the Plaintiffs also provided labor as hourly-rate wait-staff employees and/or former employees of the Employer and were also systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

34. The Employer knowingly, willfully, and/or with a reckless disregard of the provisions of the FLSA, failed to comply with the applicable minimum wage provisions, and remains owing to Plaintiffs and other similarly situated employees a minimum wage for at least the extended three-year period preceding this lawsuit or the five-year period preceding this lawsuit.

WHEREFORE, Plaintiffs and others similarly situated request damages equal to all unpaid minimum wages, liquidated damages in an amount equal to the unpaid wages, together with reasonable attorney's fees and costs, pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial for their entire applicable employment period with Defendant, or as much as is allowed by the Fair Labor Standards Act, whichever is greater.

## JURY TRIAL DEMAND

Plaintiffs, and those similarly situated, demand trial by jury of all issues, claims and defenses that are triable as of right by a jury.

Dated: October 11, 2023

Respectfully submitted,

**ANTHONY F. SANCHEZ, P.A.**
Attorneys for Plaintiffs
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211

By: /s/ Anthony F. Sanchez
 Anthony F. Sanchez
 Florida Bar No. 789925
 afs@laborlawfla.com